**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| _____ ) | |
| CARLOS DARIEL HILARIO RODRIGUEZ,　) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 25-cv-12358-MJJ |
| ) | |
| ANTONE MONIZ, Superintendent, Plymouth ) | |
| Correctional Facility, PATRICIA HYDE, Field ) | |
| Office Director, MICHAEL KROL, HSI New ) | |
| England Special Agent in Charge, TODD ) | |
| LYONS, Acting Director U.S. Immigrations ) | |
| and Customs Enforcement, and KRISTI NOEM,) | |
| U.S. Secretary of Homeland Security, ) | |
| ) | |
| Respondents. ) | |
| _____) | |

**MEMORANDUM OF DECISION AND ORDER**

September 18, 2025

JOUN, D.J.

Carlos Dariel Hilario Rodriguez ("Mr. Hilario Rodriguez" or "Petitioner") petitions the

Court under 28 U.S.C. § 2241 and the Due Process Clause of the Fifth Amendment for relief

from detention at the Plymouth County Correctional Facility. On September 17, 2025, I held a

hearing on the petition. [Doc. No. 20].

**I.    BACKGROUND**

Mr. Hilario Rodriguez is a citizen of the Dominican Republic. [Doc. No 1 at ¶ 1; Doc.

No. 8 at ¶ 6]. When Mr. Hilario Rodriguez entered the United States without inspection around

December 4, 2023, he was placed into removal proceedings. [Doc. No 1 at ¶ 1; Doc. No. 8 at ¶

7]. On December 5, 2023, Mr. Hilario Rodriguez was released into the United States under 8

U.S.C. § 1226. [Doc. No. 1 at ¶ 13; Doc. No. 1-3 at 1; Doc. No. 8 at ¶ 8]. The Order of Release

on Recognizance stated Mr. Hilario Rodriguez was "arrested and placed in removal proceedings. In accordance with section 236 of the Immigration and Nationality Act and the applicable provisions of Title 8 of the Code of Federal Regulations, you are being released on your own recognizance provided you comply with the following conditions . . . ." [Doc. No. 1-3 at 1]. On February 13, 2024, a Notice to Appear was filed with the Immigration Court, which charged the Petitioner with inadmissibility pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). [Doc. No. 8 at ¶ 9].

On August 19, 2025, Mr. Hilario Rodriguez was arrested by federal immigration agents in New Hampshire under 8 U.S.C. § 1226(a). [Doc. No. 1 at ¶ 1; Doc. No. 19-1 at 1]. On August 22, 2025, the Petitioner filed a request for a custody redetermination hearing with the Immigration Court, which was scheduled for September 4, 2025, at Chelmsford Immigration Court. [Doc. No. 8 at ¶ 12]. After a hearing before an immigration judge ("IJ") on September 4, 2025, the Immigration Court denied Mr. Hilario Rodriguez's request for release. [Doc. No. 11 at ¶ 2; Doc. No. 11-1 at 1–2; Doc. No. 19-2 at 1–2]. In the Order, the IJ denied the request for change in custody status because "Respondent [Mr. Hilario Rodriguez] is subject to mandatory detention." [Doc. No. 11-1 at 1; Doc. No. 19-2 at 1].

## II.    ANALYSIS

### A.    <u>Administrative Exhaustion</u>[1]

Respondents argue that Mr. Hilario Rodriguez has not exhausted his administrative remedies because he has not yet appealed the IJ's decision to the Board of Immigration Appeals

---

[1] Respondents also argue that this Court lacks jurisdiction to the extent Mr. Hilario Rodriguez challenges initiation of his removal proceedings. Mr. Hilario Rodriguez states he is not challenging the initiation of his removal proceedings under 8 U.S.C. § 1252, but instead his detention under 8 U.S.C. 1225. Thus, I find that relief appropriately lies within this Court. *See Aguilar v. U.S. Immigr. & Customs Enf't Div. of Dep't of Homeland Sec.*, 510 F.3d 1, 11 (1st Cir. 2007) ("[D]istrict courts retain jurisdiction over challenges to the legality of detention in the immigration context."); *see also Romero v. Hyde,* No. 25-cv-11631, 2025 WL 2403827 at *4–5 (D. Mass. Aug. 19, 2025) (discussing how jurisdiction is not withdrawn under 8 U.S.C. § 1252).

("BIA"). Mr. Hilario Rodriguez argues that exhaustion is futile and that he is likely to experience irreparable harm by the time the BIA reaches his appeal. Recently, another session within this district examined this precise issue in a substantially similar case to this one. *See Gomes v. Hyde,* No. 25-cv-11571, 2025 WL 1869299 (D. Mass. July 7, 2025). I agree that waiver of the exhaustion requirement is warranted here because, like Gomes, Mr. Hilario Rodriguez is "likely to experience irreparable harm if he is unable to seek habeas relief until the BIA decides an appeal of his request for release on bond." *Id*. at *5. Here, like in *Gomes*, an IJ denied Mr. Hilario Rodriguez's bond request on the basis that he is subject to mandatory detention, and "[a]ssuming the BIA is processing appeals at the same rate as last year, [Mr. Hilario Rodriguez's] appeal would likely not be resolved until 2026, giving rise to the possibility that he would endure several additional months of detention that may be unlawful." *Id*. As such, I find that waiver of the exhaustion requirement is warranted.

### B. <u>Detention</u>

Respondents contend that Mr. Hilario Rodriguez is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A),[2] while Mr. Hilario Rodriguez contends that he is subject to discretionary detention under 8 U.S.C. § 1226(a)[3] ("Section 1226(a)"). In *Gomes*, Judge Kobick relied on the text of Section 1226(a) and the Supreme Court's holding in *Jennings v. Rodriguez,* 583 U.S. 281 (2018), in finding that "Section 1226(a) 'authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings,' *Jennings*,

---

[2] 8 U.S.C.A. § 1225(b)(2)(A) states, "[I]n the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title."

[3] 8 U.S.C.A. § 1226(a) states, "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."

583 U.S. at 289, and it applies when a noncitizen is 'arrested and detained' '[o]n a warrant issued by the Attorney General,' 8 U.S.C. § 1226(a)." 2025 WL 1869299 at *5. I agree with Judge Kobick's finding "that the plain text of Sections 1225 and 1226, together with the structure of the larger statutory scheme, indicates that Section 1225(b)(2) does not apply to noncitizens who are arrested on a warrant issued by the Attorney General while residing in the United States." *Id.* at *7.[4] Here, Mr. Hilario Rodriguez was conditionally paroled into the United States on an Order of Recognizance pursuant to Section 1226(a). More than a year later, while residing in the United States, Mr. Hilario Rodriguez was arrested on a warrant issued under 8 U.S.C. § 1226(a). As such, Mr. Hilario Rodriguez is *not* subject to Section 1225(b)(2)(A). Rather, he is subject to Section 1226(a)'s discretionary detention framework and is thus eligible for bond.[5]

## III. CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas is <u>GRANTED</u>. Respondents are <u>ORDERED</u> to provide Mr. Hilario Rodriguez with a bond hearing under 8 U.S.C. § 1226(a) within 10 days of this Order. The Respondents are <u>ENJOINED</u> from denying bond to Mr. Hilario Rodriguez on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2). The Respondents are further <u>ORDERED</u> to file a status report on or before October 3, 2025, stating whether Mr. Hilario Rodriguez has been granted bond, and, if his request for bond was denied, the reasons for that denial.

---

[4] Respondents cite to a recent decision issued by the Board of Immigration Appeals, *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), to support their argument that Mr. Hilario Rodriguez is subject to Section 1225(b)(2)(A). "[C]ourts must exercise independent judgment in determining the meaning of statutory provisions," and they "may not defer to an agency interpretation of the law simply because a statute is ambiguous." *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 394, 413 (2024). *Matter of Yajure Hurtado* is factually distinct and does not change my agreement with Judge Kobick's analysis.

[5] At the hearing, both parties agreed that if the petition is granted, Mr. Hilario Rodriguez should be granted a bond hearing before an IJ.

SO ORDERED.

/s/ Myong J. Joun
United States District Judge